**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101

October 20, 2021

Mario M. Blanch, Esq.
440 65th Street
West New York, NJ 07093
*Attorney for Third-Party Plaintiffs Alexander Alicea & Bryna I. Morales-Alicea*

Gregory Edward Reid, Esq.
Jaimee Katz Sussner, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102
*Attorney for Third-Party Defendant Sean Ardes, Esq.*

Ross Steven Enders, Esq.
Watson & Allard, PC
24 Regency Plaza
Glen Mills, PA 19342
*Attorney for Plaintiff Westcor Land Title Ins. Co.*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

   Re:   *Westcor Land Title Ins. Co. v. Alexander Alicea & Bryna I. Morales-Alicea v. Sean Ardes, Esq.,*
          **Civil Action No. 19-8474 (SDW) (ESK)**

Counsel:

Before this Court is Third-Party Defendant Sean Ardes's ("Defendant" or "Ardes") Motion to Dismiss ("Motion") Third-Party Plaintiffs Alexander Alicea and Bryna I. Morales-Alicea's (collectively, the "Aliceas") Third Amended Third-Party Complaint (D.E. 75 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This opinion is issued without oral argument pursuant to Rule 78. This Court has considered the parties' submissions and, for the reasons discussed below, Defendant's Motion is **GRANTED**.

**DISCUSSION**

A. Background

In October 2009, Alexander Alicea purchased a property located at 804 South 14th Street, Newark, New Jersey ("the Property"). (Compl. ¶ 1.) In January 2010, First American Title Insurance Company ("FATIC") issued an owner's policy to Mr. Alicea through its agent, REO Express ("REO"), which insured him against encumbrances and liens placed on the Property. (*See* Compl. ¶¶ 2-3, 12–13; D.E. 79-1 at 4.) Later that year, Mr. Alicea conveyed title from only himself to both himself and his wife, Bryna I. Morales-Alicea, but they did not purchase a new title policy to insure this joint interest. (D.E. 62-4.)

At the time of purchase, Mr. Alicea did not know that the Property's previous owner had obtained a mortgage (the "Mortgage") on the Property from US Bank National Association ("US Bank"). (*See* Compl. ¶¶ 8-9.) During its title search, REO did not discover the pre-existing Mortgage. (*Id*. at ¶ 10.) The Aliceas only learned of the Mortgage in 2014, and in December 2015, received a Complaint from US Bank foreclosing on the Mortgage. (*Id*. at ¶¶ 11, 16; D.E. 79-1 at 6.)

The Aliceas then contacted FATIC, whose in-house counsel was Ardes. (Compl. ¶¶ 18–20.) The Aliceas allege that FATIC informed them that it would be assigning them representation in the foreclosure proceeding. (*Id.*; D.E. 79-1 at 6.) The Aliceas further allege that Ardes told them that "he was their attorney" and would "defend them legally . . . in the foreclosure proceeding." (Compl. ¶¶ 19–20.) The record does not contain documentation or correspondence regarding this alleged discussion between the Aliceas and Ardes.

In February 2016, the Aliceas sold the Property to Temeka Foreman ("Foreman") without notifying her of the Mortgage or foreclosure claim, and without telling FATIC they were selling the Property. (*See* Compl. ¶¶ 22-23.) The Aliceas allege that they believed FATIC and Ardes, as their presumed attorney, had "resolved" the Mortgage issue and that they had not intended to deceive Foreman or Westcor Land Title Insurance Company ("Westcor"), Foreman's title insurance company. (*Id*.) In April 2016, default judgment was entered against the Aliceas in the matter of the Mortgage. (D.E. 64-7.)

Foreman subsequently submitted a successful title claim to Westcor for the Property. (D.E. 1 ¶¶ 18-20.) Westcor then requested reimbursement from the Aliceas, and when it was not received, filed a complaint against them, alleging five causes of action: Breach of Affidavit; Common Law Fraud; Equitable Fraud; Unjust Enrichment; and Negligence. (*See generally id.*) The Aliceas answered and filed a Third-Party Complaint, in which they asserted several claims against FATIC, including breach of contract and a claim of legal malpractice against Mr. Ardes, in his role as FATIC's in-house claims counsel (collectively, with FATIC, the "FATIC Defendants"). (*See generally* D.E. 10.)

The FATIC Defendants filed a Motion to Dismiss, which was granted by this Court on December 10, 2019. (D.E. 32, 33.) In dismissing the breach of contract claim against FATIC, this

2

Court found that "the Policy terminated when the Aliceas sold the Property" and that "FATIC is not obligated under the Policy to indemnify claims based on the Aliceas' allegedly fraudulent or negligent misrepresentations." (D.E. 32 at 6.) The Court also dismissed the legal malpractice claim against Ardes, holding that the Aliceas failed to demonstrate the existence of an explicit or implied attorney-client relationship between Ardes and themselves. (*Id.* at 8-10.)

In January 2020, the Aliceas moved for leave to file a Second Amended Third-Party Complaint, containing: (1) the breach of contract claim against FATIC, (2) the legal malpractice claim against Ardes, and (3) a claim against Ardes alleging third-party beneficiary liability. (*See* D.E. 34-3.) In August 2020, Magistrate Judge Edward S. Kiel denied the Aliceas' motion for leave to amend the breach of contract and legal malpractice claims, ruling that they had already been dismissed with prejudice, and thus, he had no authority to grant leave to amend those particular claims. (*See* D.E. 54.) Magistrate Judge Kiel did, however, grant the Aliceas' motion as to the third-party beneficiary claim, noting that his determination meant "only that [the claim] is viable." (*See* D.E. 61 at 12:4-7.) In September 2020, the Aliceas filed their Second Amended Third-Party complaint against Ardes for "legal malpractice," and Ardes moved to dismiss in October 2020. (D.E. 57, 62.) In response, the Aliceas cross-moved for leave to amend, in order to also file a breach of contract claim against FATIC. (*See* D.E. 70.)

On March 8, 2021, Magistrate Judge Kiel issued a ruling denying in part and granting in part the Aliceas' motion for leave to amend. (D.E. 73.) Magistrate Judge Kiel denied the Aliceas' motion regarding their breach of contract claim against FATIC, as the claim had already been dismissed with prejudice by this Court and leave to amend that claim had previously been denied. (D.E. 78 at 5:7-13; 6:9-15.) He granted the Aliceas' motion only as to the third-party beneficiary claim, as it had not been explicitly mentioned in this Court's ruling, and, therefore, could not be considered dismissed with prejudice. (*Id.* at 5:1-7, 6:18-24, 7:1-8, 10:7-10.) On March 17, 2021, the Aliceas filed their Third Amended Third-Party Complaint, which, once again, raised a claim for legal malpractice against Ardes. (*See generally* Compl.)

On April 21, 2021, Ardes moved to dismiss the Aliceas' Third Amended Third-Party Complaint. (D.E. 79.) On May 19, 2021, the Aliceas filed an untimely opposition brief and on June 4, 2021, Ardes replied. (*See* D.E. 80, 81, 86.)

B. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief") (citation omitted).

On a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

## C. Discussion

First, this Court has repeatedly rejected the Aliceas' contention that Ardes was acting as their attorney through his role as claims counsel for Mr. Alicea's title insurer.[1]  (*See*, *e.g.*, D.E. 32 at 9.)  The Aliceas have failed to present evidence that they were in privity of contract with Ardes. See *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 265–66 (N.J. Sup. Ct. 2005).  Nor have the Aliceas presented evidence that Ardes owed them an independent duty.  *See Petrillo v. Bachenberg*, 655 A.2d 1354, 1358–60 (N.J. Sup. Ct. 1995).  Thus, for the reasons that have previously been articulated on the record, any claims based in legal malpractice theories must be dismissed.  *See Schneyder v. Smith*, 709 F. Supp. 2d 368, 384-85 (E.D. Pa. 2010).

Second, the Aliceas' claim that Judge Kiel made a merits ruling on their third-party beneficiary claim is specious.  (*Compare* D.E. 80 at 5 *with* D.E. 86 at 4-5; D.E. 54; D.E. 61; D.E. 73.)  Magistrate Judge Kiel merely granted the Aliceas' request to amend their complaint as to that claim, explicitly noting that he was "not suggesting" that the claim would "ultimately be successful." (D.E. 61 at 12:4-7.)  As noted by Defendant, "[o]n that narrow basis, the Aliceas were free to assert this claim in a new amended pleading, and Ardes was free to challenge it with a threshold Fed. R. Civ. P. 12(b)(6) motion."  (D.E. 86 at 5.)  Defendant has properly done so here.

Turning to the sufficiency of that third-party beneficiary claim, the Aliceas clearly have attempted to use this claim to repackage and reassert the previously dismissed legal malpractice claims.  (*See*, *e.g.*, Compl. ¶ 26; D.E. 80 at 10-11 (describing the third-party beneficiary claim as one based on Ardes's duties as their counsel).)  "New Jersey law recognizes three distinct types of third-party beneficiaries: 'donee beneficiaries,' 'creditor beneficiaries' and 'incidental beneficiaries.'" *Berel Co. v. Sencit F/G McKinley Assocs.*, 710 F. Supp. 530, 537 (D.N.J. 1989) (citing *Broadway Maint. Corp. v. Rutgers*, 434 A.2d 1125, 1128 (N.J. Super. Ct. App. Div. 1981)). "The first two types are generally considered as having the power of enforcement of the agreement and a cause of action for breach thereof, whereas an incidental beneficiary merely benefits from performance with no attendant right of enforcement." *Berel*, 710 F. Supp at 537 (citation omitted). Thus, "the intention of the parties to recognize a right to performance in the third party is the critical factor that governs the characterization of the beneficiary." (*Id.*)  The Aliceas have failed

---

[1] Even if Ardes were acting as the Aliceas' attorney, which he was not, the FATIC policy would not cover the fraud alleged in this case because it does not include matters involving fraudulent and negligent misrepresentations.  (*See* D.E. 86 at 3-4.)  Lastly, the FATIC policy "terminated when [the Aliceas] sold the Property to Foreman." (D.E. 86 at 4, n.2.)

to properly assert that they have a right to performance here. Because the Aliceas have not otherwise alleged the requisite elements of a third-party beneficiary claim, but instead rehashed this previously dismissed claim, the operative Complaint fails to state a plausible claim to relief and their third-party beneficiary claim must be dismissed.[2],

The Aliceas' tort claims must also be dismissed because they are barred by the economic loss doctrine. The economic loss doctrine generally "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995). Here, the Aliceas assert "negligence claims which are based on purely economic losses (*i.e.*, not physical injury to person or property)." *Riachi v. Prometheus Group*, Civ. No. 17-00811, 2017 WL 2438838, at *3 (D.N.J. June 6, 2017); *see also Rao v. Anderson Ludgate Consulting*, *LLC*, Civ. No. 15-3126, 2016 WL 3647998, at *2 (D.N.J. July 7, 2016) (dismissing a negligence claim under the economic loss doctrine). The Aliceas' tort claim here is based on the purely economic loss they allegedly suffered as the result of Defendant's alleged misrepresentations. However, the Aliceas entered a contract with FATIC, (*see* D.E. 80 at 2), that would have governed the allegedly tortious conduct in this case. Therefore, Plaintiffs tort claims must be dismissed.

Finally, given the Aliceas' repeated attempts to reassert previously dismissed claims, it would be inappropriate to allow another amendment. Therefore, this Court denies the Aliceas' request for leave to file another amended complaint. (D.E. 80 at 1.)

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss the Aliceas' Complaint is **GRANTED** with prejudice. An appropriate order follows.

                                                   /s/ Susan D. Wigenton
                                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
          Edward S. Kiel, U.S.M.J.

---

[2] Plaintiffs' reliance on *Petrillo v. Brachenburg*, 655 A.2d 1354, 1359 (N.J. Sup. Ct. 1995) is misplaced. While the Aliceas correctly note that *Petrillo* provides the elements to determine third-party beneficiary malpractice, which include: "(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance," *Petrillo*, 655 A.2d at 1358 (internal citation omitted) the Aliceas improperly rely on these elements because the Aliceas have failed to plead facts that show they are third-party beneficiaries entitled to bring a malpractice claim. (D.E. 80 at 8-9.)